TotteN, J.,
delivered the opinion of the court.
The bill states, that one William Howland was owner in fee of certain land in Carroll county. That on the 3d June, 1851, he conveyed it to his father, the defendant; that the conveyance was made to defeat and defraud the wife of the said William Howland, of any right she might have to alimony or dower; that he abandoned his said wife and children, went to Arkansas, where he died intestate; that dower has been assigned to the widow of said intestate in said land, on the ground that said conveyance was fraudulent and void. ■
The plaintiffs are the children and heirs at law of said intestate, and as such insist that they are entitled to said land against the false and fraudulent deed to the defendant.
The defendant demurred, and the demurrer was disallowed, with leave to answer, which being waived by the defendant, the chancellor made a final decree, declared the deed to be fraudulent and void. The defendant thereon appealed to this court.
In support of the decree, it is now argued, that the deed is utterly and wholly void under the provisions of the act.of 1784, ch. 22, § 8. That act provides, that any deed fraudulently made, with the intention to defeat the widow of her dower, “ shall he held and deemed to he void.” That the true construction is, that the deed shall be void as to every person and for every purpose.
*545 We do not concur in this construction of tbe Statute; The general rule is, that the owner of pi*operty has the power to sell and dispose of it at his discretion, and as he may deem - proper. This ■ is a much valued right inherent in property, and in which its value to a great extent consists.
The power of disposition is restricted in special cases, where its free exercise is injurious to the just rights of others.
A debtor shall not convey his property in fraud of the rights of his creditors. The conveyance is void .as to them; as to the persons injured, but no further.
“ To this extent, and to this only, it is treated, as if it had not been made.” 1 Story Eq. Jur., § 371.
Vide. The cases collected, 1 Meigs Dig., §1008. And so a deed made to defeat the- right of dower, is declared to be void. That is, it is void as to the right intended to he protected. The restriction on the power of disposition, in terms, goes no further; and it will not be extended by construction to other cases.
The plaintiffs claim, as Theirs of the intestate; and the right of inheritance applies only to lands of which the ancestor was seized at the time of Ms death
The ancestor had no seizin of these lands at that time. The right and seizin were in the defendant for his own use, except as to dower, as to which ■ it was inoperative and void; being made in fraud of that right.
We are of opinion that the plaintiffs have no interest in the land. The decree of the chancellor is therefore erroneous.
Vide. Mulloy vs. Young, 10 Humph. 298. The decree will be reversed and the bill dismissed.